IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LESLIE LYLE CAMICK,

    *Plaintiff,*

vs.

    Case No. 17-1286-EFM-GEB

E.A. WATTLEY,

    *Defendant.*

**MEMORANDUM AND ORDER**

In Plaintiff Leslie Lyle Camick's third lawsuit in the District of Kansas against Defendant Evelyn Wattley, he asserts six claims. His claims in this case include conspiracy under 42 U.S.C. § 1985, misuse of judicial process, malicious prosecution, defamation, "prima facie tort," and the tort of outrage. Defendant has filed a Motion to Dismiss (Doc. 12) asserting that Plaintiff fails to state a claim under § 1985 and that the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Defendant also argues that Plaintiff's claims fail because they are either barred by the statute of limitations or fail to state a cause of action. Because the Court finds that Plaintiff fails to state a federal cause of action, the Court dismisses that claim and declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Thus, the Court grants Defendant's Motion to Dismiss.

## I. Factual and Procedural Background[1]

Plaintiff is familiar with this Court. In 2013, the government charged Plaintiff with mail fraud, wire fraud, material false statement to the U.S. Patent Office, three counts of aggravated identity theft, and one count of obstruction of justice.[2] The obstruction of justice charge related to Plaintiff's first civil lawsuit filed in this Court against Defendant Wattley. While Plaintiff's criminal case was proceeding, and after he had been ordered by the Court to avoid all contact with any witnesses (including Wattley), Plaintiff filed his first suit against Wattley.[3]

In Plaintiff's first civil case, he brought suit against Wattley, KaiTraxx, the District Court of Cowley County, Kansas, Christopher Smith, the Winfield Police Department, and Nicole Hills. He alleged under 42 U.S.C. § 1983 that the defendants (1) violated his Fourth Amendment right to be free from unreasonable search and seizure by falsely reporting a crime (Wattley's report that her car was stolen) and causing him to be wrongfully imprisoned in New Mexico, New Jersey, and Kansas, (2) violated his Fifth and Fourteenth Amendment due process rights due to his wrongful imprisonment, (3) violated his Sixth Amendment right to speedy trial because his Cowley County case was pending for 20 months before it was dismissed, and (4) committed the tort of intentional infliction of emotional distress. This case was ultimately dismissed.[4]

---

[1] The facts are taken from Plaintiff's Complaint and construed in the light most favorable to Plaintiff. The Court has also taken judicial notice of the pleadings/proceedings in several other cases in this Court involving Plaintiff.

[2] Case No. 13-CR-10042. A published opinion from the Tenth Circuit Court of Appeals, *United States v. Camick*, 796 F.3d 1206 (10th Cir. 2015), details the proceedings in the criminal case.

[3] Case No. 13-CV-2361.

[4] The Court dismissed one defendant for lack of subject matter jurisdiction and granted the remaining five defendants' motions to dismiss for failure to state a claim. With regard to Defendants Wattley and KaiTraxx, the Court found that Plaintiff insufficiently alleged state action to support a § 1983 claim. Accordingly, the Court dismissed that claim.

With regard to the criminal case brought against Plaintiff, he was convicted on all seven counts. On appeal, however, the Tenth Circuit reversed all of Plaintiff's convictions, with the exception of the obstruction of justice charge. On November 13, 2015, upon remand to this Court, Judge Marten entered an amended judgment and sentenced Plaintiff to time served with one year of supervised release. On March 23, 2016—approximately halfway through Plaintiff's term of supervised release—Plaintiff was removed from the United States to Canada.[5]

In May 2017, Plaintiff filed his second lawsuit against Wattley.[6] In addition, he named two other Defendants: KaiTraxx (Wattley and Plaintiff's previous business venture) and Harry Holladay (an attorney who practices law in Louisiana and Texas and is a close relative of Wattley). Plaintiff asserted six claims including (1) violation of the Defend Trade Secrets Act ("DTSA"), (2) violation of the Kansas Uniform Trade Secrets Act ("KUTSA"), (3) tortious interference with prospective business relationship, (4) breach of fiduciary duty (against Defendant Holladay alone), (5) violation of the Racketeer Influenced Corrupt Organizations ("RICO") Act, and (6) breach of contract (against Defendant Wattley alone). The Court recently dismissed Plaintiff's claims finding that Plaintiff's claims were either barred by the statute of limitations or he failed to state a claim.[7]

Plaintiff filed this lawsuit, his third, against Defendant Wattley on November 13, 2017. Plaintiff asserts claims for (1) conspiracy under 42 U.S.C. § 1985, (2) misuse of judicial process, (3) malicious prosecution, (4) defamation, (5) the "tort of prima facie," and (6) the tort of outrage.

---

[5] Plaintiff states that his immigration status is pending review before the Eighth Circuit Court of Appeals.

[6] Case No. 17-CV-1110.

[7] *Id.,* Doc. 48.

Generally, Plaintiff states that the case arises out of a "wrongly filed federal criminal proceeding against Plaintiff" initiated by Defendant following a domestic disagreement in 2011. He asserts that the federal indictment resulted in wrongful imprisonment for over two years. He also claims that he was exonerated of all underlying convictions arising out of Defendant's malicious conduct.[8]

Specifically, Plaintiff states that he and Defendant were romantically involved beginning in 2005. They lived together for almost six years. In 2007, they formed a business relationship operating as KaiTraxx. In 2011, their relationship was terminated over a disagreement over using corporate funds to post bail for Defendant's son.

On July 19, 2011, Defendant filed a false police report in Kansas stating that Plaintiff had stolen her truck. Plaintiff was subsequently arrested in New Mexico, New Jersey, and Kansas over a two-year period on the basis of Defendant's police report. Plaintiff contends that all falsely reported theft of vehicle charges were dismissed in his favor.

With regard to his specific legal claims, he first asserts under 42 U.S.C. § 1985 that Defendant acted with government employees to deny him his civil rights. Plaintiff states that in January 2013, shortly after being arrested in Kansas for felony theft of a vehicle, Defendant contacted Congressman Pompeo's office to file a private complaint against him. Plaintiff then alleges that the congressman's office contacted immigration officials (U.S.I.C.E.) to register a complaint on behalf of Defendant. Agent J.V. Ferreira investigated the case in February and March 2013 and extensively interviewed Defendant. On March 26, 2013, Plaintiff alleges that the grand jury indicted him on numerous counts of fraud after receiving testimony from Agent Ferreira and

---

[8] The record does not indicate that he was exonerated on all counts. As noted above, all of Plaintiff's convictions were reversed, *with the exception* of the obstruction of justice charge. Plaintiff appears to be referring to the six other counts as the "underlying convictions."

Defendant. He claims that Defendant, Assistant United States Attorney Anderson, and Agent Ferreira could not have successfully convicted him and imprisoned him without the assistance of each other.

Plaintiff's next two claims are for misuse of judicial process and malicious prosecution. He claims that Defendant, after failing at the state level with her false reports of crime, devised a plan to have federal law enforcement officials have him convicted of a felony to make him removable from the United States. He claims she maliciously alleged criminal conduct in a private party complaint. He claims that he was wrongfully convicted in his federal criminal case and that the Tenth Circuit reversed all of the underlying counts of conviction. Plaintiff states that Defendant's true motive was to have Plaintiff deported to Canada so she could claim his assets and that her true and ulterior motive was finally revealed to him on November 12, 2015.[9] Plaintiff claims that he has suffered total financial devastation from Defendant's conduct.

Plaintiff's fourth claim is for defamation. He asserts that Defendant has posted defamatory statements about him on websites numerous times since 2011. He states that she defamed him by inaccurately claiming that he owes back taxes in Canada and that he left Canada to avoid paying child support and because of a lifetime driving ban. Plaintiff also contends that Defendant posted defamatory statements in pleadings filed in his second case against her.[10] He claims that Defendant's mention of prior criminal convictions is damaging and prejudicial.

---

[9] Plaintiff uses two different dates as the basis for which he "was able to confirm" or ascertain Defendant's intentions and violations of law and as the basis for when the statute of limitations began to run—November 12, 2015, and November 13, 2015. In his Complaint, he references November 12 throughout. In his briefing to this Court regarding Defendant's Motion to Dismiss, he references November 13. Plaintiff states that he became aware of Plaintiff's motive (or confirmed her harm) during his resentencing. The record in Case No. 13-CR-10042 reflects that Plaintiff's sentencing hearing before Judge Marten occurred on November 12, 2015. Defendant apparently spoke at his sentencing. The record indicates that Judge Marten entered the Amended Judgment on November 13, 2015.

[10] Case No. 17-CV-1110.

Plaintiff's fifth and sixth claims are for the "tort of prima facie" and the tort of outrage. Plaintiff claims that he has numerous emails from Defendant to support his allegations of her intent to harm him. He also claims that Defendant's behavior was outrageous and that she has "defacto enslaved" Plaintiff.

On January 24, 2018, the Court granted Plaintiff in forma pauperis status. Defendant was served on February 1, 2018. Defendant then filed the pending Motion to Dismiss (Doc. 12).[11] Plaintiff responded,[12] and the motion is now ripe. Defendant argues that Plaintiff fails to state a claim under § 1985. In addition, she contends that the Court should decline to exercise supplemental jurisdiction over his remaining state law claims and dismiss them as well. As will be explained below, the Court grants Defendant's motion.[13]

## II.     Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim where the plaintiff has failed to state a claim upon which relief can be granted. On such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible

---

[11] Defendant filed her Motion to Dismiss two days out of time. Subsequently, Defendant filed a Motion for Leave to Answer out of Time (Doc. 19) asserting that counsel incorrectly calendared the answer date. Counsel requested leave from the Court to retroactively allow the Motion to Dismiss (that was already filed) two days late. The Court granted Defendant's request (Doc. 22).

[12] Plaintiff filed two responses to Defendant's motion. He first filed one on March 5, 2018, and he filed a "supplemental" response on March 17, 2018. Technically, the Court does not allow two responses, but the Court has considered Plaintiff's arguments in both briefs in consideration of Defendant's Motion to Dismiss.

[13] On March 2, 2018, Plaintiff filed another case in this Court. Case No. 18-CV-1065. In this case, Wattley is not a Defendant, but Plaintiff asserts claims against Sheriff Richard Dorneker (in his individual and official capacity), the Chase County Sheriff's Office, John Ehr (in his individual capacity), and unknown officers of the Chase County Sheriff's Office. He brings claims under 42 U.S.C. § 1983 for unreasonable seizure, unreasonable detention, and violation of his due process rights. Plaintiff has not yet been granted in forma pauperis status with regard to his third case.

on its face.' "[14] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[15] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[16] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint but need not afford such a presumption to legal conclusions.[17] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[18]

Generally, the Court is constrained by the allegations in the complaint when considering a motion to dismiss. A court, however, may take facts subject to judicial notice, such as "its own files and records, as well as facts which are a matter of public record" without converting a motion to dismiss to one for summary judgment.[19] Furthermore, "a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute."[20]

---

[14] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[16] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2).

[17] *Iqbal*, 556 U.S. at 678-79.

[18] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[19] *Tal v. Hogan*, 453 F.3d 1244, 1264-65 n. 24 (10th Cir. 2006) (citations omitted). *See also Merswin v. Williams Cos., Inc.*, 364 F. App'x 438, 441 (10th Cir. 2010) (stating that "[i]t is settled that the district court can take judicial notice of its own decision and records in a prior case involving the same parties.") (citations omitted). In this case, the parties reference several previous court orders regarding Plaintiff and Defendant.

[20] *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) (citation omitted).

Because Plaintiff is pro se, the Court is mindful of considerations for an unrepresented plaintiff. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," but the Court will not "assume the role of advocate for the pro se litigant."[21] To avoid dismissal, the pro se complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action . . . [and] must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[22]

### III. Discussion

**A.    Federal Claim**

Plaintiff's only federal claim in this lawsuit is brought under 42 U.S.C. § 1985(3). He asserts that Defendant conspired with Assistant United States Attorney Anderson and Agent Ferreira to deny him his civil rights by convicting him of federal crimes, falsely imprisoning him, and ultimately deporting him.[23] Defendant contends that Plaintiff's claim should be dismissed because he fails to state a claim and it is barred by the statute of limitations.

Section 1985(3) provides:

If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . or cause to be done, any act in furtherance of the object of such conspiracy, . . . the

---

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[22] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citations omitted).

[23] The Court notes that Plaintiff previously asserted in Case No. 13-CV-2361 that Defendant Wattley conspired with others to deprive him of his civil rights by causing him to be falsely arrested and prosecuted for felony theft. He brought that claim under § 1983. A review of the record demonstrates that he asserted that Defendant Wattley conspired with other Defendants with the goal to have him deported so they could gain control of his assets worth billions. Plaintiff specifically disavows that he is bringing a claim under § 1983 in this case. Although Plaintiff's allegations in this case and his previous case appear identical, Defendant did not assert a res judicata defense.

> party so injured or deprived may have an action for the recovery of damages . . . against any one or more of the conspirators.

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[24]  A § 1985(3) claim, however, is not applicable to all tortious, conspiratorial behavior, but instead only applies to "conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.' "[25]  Courts have narrowly construed the other "class-based animus" language, and it does not reach conspiracies motivated by economic bias.[26]  Class-based discrimination, however, can encompass national origin.[27]

"To state a claim under section 1985, the complaint must show 'invidiously discriminatory animus' on the part of the defendants.  Not only must the class alleged have invidious characteristics, but the defendants' action must be taken 'because of' the effect it will have on the identifiable group."[28]  "In essence, the plaintiff must allege defendants' actions were taken against the plaintiff because of his membership in a class with invidious characteristics."[29]

---

[24] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).

[25] *Id.* (citing *Griffin*, 403 U.S. at 101-02).

[26] *Id.*

[27] *Boyd v. City of Victoria, Kan.*, 2017 WL 3581737, at *10 (D. Kan. 2017) (noting that class-based discrimination could encompass race, sex, religion, or national origin); *Babbar v. Ebadi*, 36 F. Supp. 2d 1269, 1276 (D. Kan. 1998) (considering the plaintiff's § 1985 claim in which he alleged a deprivation "of the equal protection of the laws in light of his gender, religion and national origin").

[28] *Steinert v. Winn Group, Inc.*, 83 F. Supp. 2d 1234, 1239 (D. Kan. 2000) (citations omitted).

[29] *Id.*

Defendant contends that Plaintiff fails to state a claim because he does not allege that he is a member of a protected class and does not allege a racially discriminatory animus. In Plaintiff's first response to Defendant's motion, he completely fails to address this point. In Plaintiff's supplemental response, he asserts that *if* he does have to demonstrate class-based discriminatory animus, then the Court should consider that he was an alien or non-citizen of the country. He argues that Defendant took action against him and he was an alien or was an alien spouse of a United States citizen, specifically a battered spouse under the Violence Against Women and Department of Justice Reauthorization Act of 2005.[30]

In this case, Plaintiff's Complaint does not contain any allegations of alleged discrimination on the basis of nationality, alienage, or his status as an alien spouse of Defendant. There are no allegations that Defendant conspired to commit acts on the basis of Plaintiff's national origin. There are no allegations of any bias or prejudice against Plaintiff's nationality or alienage. To be sure, Plaintiff does allege that he is a Canadian national and currently resides in Canada. He also alleges that Defendant wrongly initiated federal criminal proceedings against him which resulted in his false imprisonment and removal to Canada. Plaintiff's Complaint, however, does not make an assertion that any of the alleged constitutional wrongs were done against him "because of" his membership in an identified class. His Complaint also does not allege that the alleged constitutional wrongs were motivated by national origin or alienage animus. Indeed, Plaintiff alleges that Defendant conspired against him because their relationship terminated after a disagreement in 2011 over the use of payroll funds and she ultimately wanted him deported to

---

[30] Plaintiff claims that he and Defendant's relationship constituted a common law marriage under Kansas law.

obtain his monetary assets.[31]  In sum, Plaintiff's Complaint fails to state any allegations that Defendant conspired against him because of a discriminatory animus.  Thus, he fails to assert discriminatory animus in relation to the wrongs committed and cannot state a claim under § 1985.

**B.     State Law Claims**

Plaintiff's five remaining claims are brought under state law.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction."  Supplemental jurisdiction "is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants."[32]  Ordinarily, if all federal claims are dismissed before trial, the Court should decline to exercise supplemental jurisdiction over the state law claims.[33]  This case is at the pleading stage, and no discovery has occurred.  Thus, the Court exercises its discretion and declines to assert supplemental jurisdiction over Plaintiff's state law claims.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 5th day of April, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[31] The Court notes that Plaintiff's other pleadings in this case, as well as numerous other pleading in his two previous cases over the past five years, against Defendant Wattley assert the same allegation that she conspired against him because she seeks his monetary assets.

[32] *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997).

[33] *Id.* (citations omitted).