# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LESLIE LYLE CAMICK,

    *Plaintiff,*

vs.

    Case No. 17-1286-EFM-GEB

E.A. WATTLEY,

    *Defendant.*

## MEMORANDUM AND ORDER

Defendant E.A. Wattley is before the Court with her Amended Motion to Enjoin Plaintiff [Leslie Lyle Camick] from Filing Future Matters Related to Three Other Lawsuits (Doc. 25).[1] Wattley requests that the Court enjoin Camick from filing any future matters *pro se* against her and/or KaiTraxx[2] related to the subject matter of previous lawsuits without first obtaining permission of the Chief Judge of the District Court in which he seeks to initiate the lawsuit. Because Camick is engaging in abusive litigation, the Court grants in part and denies in part Wattley's motion.

---

[1] As will be described below, Camick has filed three separate cases against Defendant Wattley in the District of Kansas.

[2] KaiTraxx is a previous business venture between Wattley and Plaintiff. KaiTraxx is also sometimes referred to as KomTraxx.

## I.      Factual and Procedural Background

The Court will set forth the relevant background as to Camick's cases in this District of Kansas, as well as set forth some relevant factors from outside this district.[3] Camick has now filed four cases in this Court.[4] In addition, he was previously a defendant in a criminal case,[5] and he is a named defendant in a recent civil lawsuit.[6]

In early 2013, the Government charged Camick with mail fraud, wire fraud, material false statement to the U.S. Patent Office, and multiple counts of aggravated identity theft.[7] During the pendency of his criminal case, Camick filed his first lawsuit against Wattley.[8] In latter 2013, the government filed a superseding indictment and added an obstruction of justice charge against Camick. The obstruction of charge related to Camick's first civil lawsuit against Wattley because he had been ordered by the Court to not have any contact with any witnesses (including Wattley).

In Camick's first civil case, he brought suit against Wattley, KaiTraxx, and four other defendants. He claimed that he used to be involved in a romantic relationship with Wattley, but in 2011, she made a false report that he stole her vehicle. Camick asserted that he was arrested

---

[3] Camick's filings are numerous. Camick has filings in this Court, the Tenth Circuit Court of Appeals, the United States District Court for the District of New Jersey, the Third Circuit Court of Appeals, and the Eighth Circuit Court of Appeals. Camick also filed several habeas cases in this Court related to his criminal case, but those cases have already been resolved on appeal to the Tenth Circuit.

[4] Case Nos. 13-CV-2361, 17-CV-1110, 17-CV-1286, 18-CV-1065.

[5] Case No. 13-CR-10042.

[6] Plaintiff Atain Insurance Company recently filed Case No. 18-CV-1102 against Camick, Wattley, and KaiTraxx. Atain Insurance Company seeks a declaratory judgment that the insurance policy issued to Wattley or KaiTraxx (or KomTraxx) affords no coverage for any of the claims Camick has asserted against Wattley in his lawsuits against her.

[7] Case No. 13-CR-10042. A published opinion from the Tenth Circuit Court of Appeals, *United States v. Camick*, 796 F.3d 1206 (10th Cir. 2015), details the proceedings in the criminal case.

[8] Case No. 13-CV-2361.

and imprisoned in New Mexico, New Jersey, and Kansas based on this false report. He brought claims under 42 U.S.C. § 1983 that the defendants (1) violated his Fourth Amendment right to be free from unreasonable search and seizure by falsely reporting a crime (Wattley's report that her vehicle was stolen) and causing him to be wrongfully imprisoned in New Mexico, New Jersey, and Kansas; (2) violated his Fifth and Fourteenth Amendment due process rights due to his wrongful imprisonment; (3) violated his Sixth Amendment right to speedy trial because his Cowley County case was pending for 20 months before it was dismissed; and (4) committed the tort of intentional infliction of emotional distress. This case was ultimately dismissed.[9]

With regard to the criminal case brought against Camick, he was convicted on all seven counts. On appeal, however, the Tenth Circuit reversed all of Camick's convictions, with the exception of the obstruction of justice charge. On November 13, 2015, upon remand to this Court, Judge Marten entered an amended judgment and sentenced Camick to time served with one year of supervised release. On March 23, 2016—approximately halfway through Camick's term of supervised release—Camick was removed from the United States to Canada.[10]

In May 2017, Camick filed his second lawsuit in this district against Wattley and KaiTraxx.[11] In addition, he named one other defendant, Harry Holladay. Camick alleged that he was involved in a romantic relationship with Wattley for approximately six years before they began having issues. He claimed that Wattley falsely reported that he had stolen a vehicle and that

---

[9] The Court dismissed one defendant for lack of subject matter jurisdiction and granted the remaining five defendants' motions to dismiss for failure to state a claim. With regard to Defendants Wattley and KaiTraxx, the Court found that Camick insufficiently alleged state action to support a § 1983 claim. Accordingly, the Court dismissed that claim.

[10] Camick states that his immigration status is pending review before the Eighth Circuit Court of Appeals.

[11] Case No. 17-CV-1110.

he was subsequently arrested three times, and in three different states, based on this report. Camick also alleged that Wattley caused Camick to be convicted in federal court and removed from the United States. He stated that Wattley unlawfully obtained his trade secret information, unlawfully refused to return this information to him, and interfered with a prospective business relationship. Specifically, he asserted the following claims: (1) violation of the Defend Trade Secrets Act ("DTSA"), (2) violation of the Kansas Uniform Trade Secrets Act ("KUTSA"), (3) tortious interference with prospective business relationship, (4) breach of fiduciary duty, (5) violation of the Racketeer Influenced Corrupt Organizations ("RICO") Act, and (6) breach of contract (against Defendant Wattley alone). The Court recently dismissed Camick's claims finding that his claims were either barred by the statute of limitations or he failed to state a claim.[12]

In this case, Camick's third in this district, he asserted six claims against Wattley. Generally, Camick stated that the claims arose out of a "wrongly filed federal criminal proceeding against Camick" initiated by Wattley following a domestic disagreement in 2011. He stated that in 2011, Wattley filed a false police report regarding a stolen vehicle which caused him to be arrested in three different states. In addition, Camick claimed that Wattley acted with government employees (an Assistant United States Attorney and a federal immigration agent) to deny him his civil rights by convicting him of federal crimes, falsely imprisoning him,[13] and ultimately deporting him. His specific claims included (1) conspiracy under 42 U.S.C. § 1985,[14] (2) misuse

---

[12] *Id.*, Doc. 48.

[13] He asserted that his conviction on federal charges resulted in wrongful imprisonment for over two years.

[14] The Court notes that Camick previously asserted in Case No. 13-CV-2361 that Defendant Wattley conspired with others to deprive him of his civil rights by causing him to be falsely arrested and prosecuted for felony theft. He brought that claim under § 1983. A review of the record demonstrates that he asserted that Wattley conspired with other Defendants with the goal of obtaining control of his assets worth billions. Camick specifically disavows

of judicial process, (3) malicious prosecution, (4) defamation, (5) "prima facie tort," and (6) the tort of outrage.

Camick has also apparently filed two lawsuits in the United States District Court for New Jersey based on allegations relating to the events in this case. In one lawsuit, Case No. 16-9013, Camick filed suit against Wattley, KaiTraxx, and Holladay. In that case, he attempted to assert a claim under 42 U.S.C. § 1985(3) for conspiracy to deny him his civil rights.[15] The New Jersey District Court, however, denied without prejudice Camick's application to proceed *in forma pauperis* because he failed to properly fill out the application. The case was administratively closed on May 19, 2017.

In another case before the District Court for New Jersey, Camick filed suit against six other defendants (including several Kansas entities).[16] Wattley, KaiTraxx, and Holladay were not parties to that suit. In that case, he brought § 1983 claims alleging that the defendants "made false reports, conducted an improper investigation, obtained an invalid arrest warrant, denied him a speedy trial, and unlawfully detained him, throughout the period of 2011 to 2013."[17] The court reviewed his complaint under 28 U.S.C. § 1915(e)(2)(B) and found it subject to dismissal because

---

that he is bringing a claim under § 1983 in this case. Although Camick's allegations in this case and his previous case appear similar, Wattley did not assert a res judicata defense.

[15] The Court notes that the claim asserted in the New Jersey case is identical to the claim asserted in this case. Camick, however, included two additional defendants (in addition to Wattley) in his New Jersey case

[16] *Camick v. Smith*, No. 16-8844 (D.N.J.)

[17] *Camick v. Smith*, 2017 WL 2779752, at *1 (D.N.J. 2017).

it was barred by the statute of limitations.[18] On appeal, the Third Circuit Court of Appeals affirmed the district court's order.[19]

In this case, Wattley filed a motion to dismiss. The Court agreed with Wattley's contention that Camick failed to state a claim under § 1985. Thus, the Court dismissed the federal claim and declined to exercise supplemental jurisdiction over Camick's remaining state law claims (Doc. 24).[20]

On April 5, 2018, prior to the Court issuing its Order, Wattley filed a Motion for Order to Enjoin Camick from Filing Future Matters Related to Three Other Lawsuits (Doc. 23). This motion was filed a few hours before the Court issued its Order, and thus the Motion to Enjoin remained a pending matter when the Court dismissed Camick's claims. In Wattley's original motion, she sought to enjoin Camick from filing any additional *pro se* lawsuits against her and/or KaiTraxx, containing the same or similar claims as already asserted against her, in the District of Kansas without first obtaining permission from the Chief Judge of this Court. The next day, Wattley filed an Amended Motion seeking to enlarge the injunctive relief she sought because Wattley recently discovered that Camick had filed an additional lawsuit against Wattley in the United States District Court of New Jersey. Wattley now asks the Court to enjoin Camick from

---

[18] *Id*. at *1-2.

[19] *Camick v. Smith*, 698 F. App'x 41, 42 (3d Cir. 2017).

[20] Camick appears to complain for the first time in his response to Wattley's Motion to Enjoin that this Court should have allowed him leave to amend his complaint before dismissing his claims. Camick did not previously request or assert that he should be allowed to amend his complaint. He did not file any motion for leave to amend the complaint, and he also has not filed a motion for reconsideration of the Court's dismissal of his claims. Furthermore, leave to amend would appear to be futile as he did not assert facts to support his claim.

filing any future *pro se* complaints in any United States District Court against Wattley and/or KaiTraxx.[21]

## II. Standard

The right of access to the court is not absolute nor unconditional.[22] When a litigant has been allowed to proceed in forma pauperis, "the Supreme Court has recognized that abuses of this privilege may give rise to the imposition of filing restrictions."[23] In appropriate circumstances, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions …."[24] Injunctions restricting additional filings are appropriate "where [1] the litigant's lengthy and abusive history is set forth; [2] the court provides guidelines as to what the litigant may to do obtain its permission to file an action; and [3] the litigant receives notice and an opportunity to oppose the court's order before it is implemented."[25]

## III. Discussion

In this case, Wattley asks the Court to enjoin Camick from filing any additional *pro se* lawsuits against her and/or KaiTraxx, containing the same or similar claims, in any district court of the United States. As noted above, Camick has filed three cases against Wattley in this Court relating to the same or similar subject matter. In addition, he filed one case against Wattley in the

---

[21] Camick has recently filed a fourth lawsuit in this Court, Case No. 18-CV-1065. In this case, Wattley and KaiTraxx are not named Defendants. Instead, Camick asserts claims against Sheriff Richard Dorneker (in his individual and official capacity), the Chase County Sheriff's Office, John Ehr (in his individual capacity), and unknown officers of the Chase County Sheriff's Office. He brings claims under 42 U.S.C. § 1983 for unreasonable seizure, unreasonable detention, and violation of his due process rights. These claims also appear to arise from the underlying circumstances in this case.

[22] *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994).

[23] *Id.* (citation omitted).

[24] *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citations omitted).

[25] *Id.*

District of New Jersey. He has also filed appeals relating to the district court's orders in the respective circuit courts, the Tenth and Third Circuits.

Camick's grievances all stem from the same basic fact pattern. He alleges that he was involved in a romantic relationship with Wattley and that they formed a business together, KaiTraxx. In 2011, they had a disagreement, and she filed a false police report stating that he had stolen a vehicle. This false police report allegedly led to his arrest (and false imprisonment) in New Mexico. Around this time, Wattley allegedly fraudulently obtained Camick's trade secrets and tortiously interfered with business dealings. Camick was subsequently arrested (and falsely imprisoned) two more times, based on the false police report, in New Jersey and Kansas. Ultimately, Camick alleges that it led to federal criminal charges in 2013 and false imprisonment for two years due to being convicted on those charges and deportation to Canada. He has also included numerous other individuals and/or entities as being involved in depriving him of his civil rights.

Most of the alleged events occurred approximately five to seven years ago. Camick, however, recently started filing lawsuits against Wattley (and other individuals) related to these events again in late 2016 and continuing into 2017 and 2018.[26] In his most recent cases before this Court, Camick contends that he only recently started filing these lawsuits because he was previously legally estopped from taking civil action because Judge Marten had prohibited him from filing additional lawsuits in Case No. 13-10042 (his criminal case) until recently. As noted, however, in Case No. 17-1110, this Court determined that Judge Marten did *not* previously enter

---

[26] Plaintiff was deported in March 2016. He has filed five lawsuits since late 2016.

injunctive relief against Camick.[27] Instead, Judge Marten determined that the Government had not demonstrated that future harm was likely to occur because the civil case was nearing its end. Thus, he declined to enjoin Camick from future filings. Judge Marten did warn Camick, however, that the initiation or continued maintenance of retaliatory litigation may be taken into effect at Camick's sentencing.[28]

Regardless of whether Camick was previously prohibited from filing suit, it appears that some type of injunction prohibiting him from filing suit is the only remedy prohibiting him from filing numerous, duplicitous suits. Now, because he believes that he is allowed to file cases, he has filed multiple lawsuits against numerous individuals, including Wattley. As noted above, since 2016, he has filed five lawsuits related to the events set forth above. Three of those lawsuits were brought against Wattley and/or KaiTraxx.

Although "litigiousness alone is not a sufficient reason to restrict access to the court,"[29] a pattern of abusive litigation activity may warrant restrictions. Here, it appears that Camick is beginning to engage in abusive and vexatious litigation. Several factors contribute to this finding. First, Camick was charged (and convicted) for obstruction of justice for filing a lawsuit against Wattley (in 2013) after being ordered to not have contact with her. Second, Camick has been warned by this Court that harassing litigation might result in filing restrictions or an injunction restricting his access to the Court.[30] Third, Camick is now filing numerous lawsuits because he

---

[27] Case No. 17-1110, Doc. 47.

[28] Camick was originally sentenced on April 22, 2014.

[29] *In re Winslow*, 17 F.3d at 315.

[30] In Camick's first civil lawsuit, he filed numerous motions and post-judgment motions. The Court declined to grant a request for filing restrictions but "caution[ed] Mr. Camick of the rule that his right of access to the courts is

believes that the Court's injunctive power is no longer in effect (beginning in 2016).[31]  Finally, Camick keeps repackaging different claims on the same basic facts based on events that occurred almost six years ago.

Accordingly, the Court finds it necessary to set forth some restrictions.  Camick is enjoined from filing any additional *pro se* complaints in the District of Kansas against Wattley and/or KaiTraxx with allegations and claims that are the same or similar to his previous three cases.  Any proposed additional complaints must be submitted to the Court for review to determine that the claims are not substantially similar to the previous litigation.

The Court declines to enjoin Camick from filing *pro se* cases against Wattley and/or KaiTraxx in *any* district court of the United States.  Filing restrictions must be carefully and narrowly tailored.[32]  Furthermore, the Tenth Circuit has noted that it is inappropriate for a district court to impose filing restrictions and attempt to limit access to the Tenth Circuit or other courts of appeals as those courts are capable "of deciding if filing restrictions are appropriate."[33]  This reasoning would appear equally applicable to other district courts in the United States.  Accordingly, the Court's order only covers filings in this Court.

The Court gives Camick 14 days for which to file any objections or to oppose this Court's order.

---

not absolute and that he will not be allowed to abuse the legal system."  Case No. 13-2361; *Camick v. Wattley*, 2014 WL 1343274, at *6 (D. Kan. 2014).

[31] The Court notes that he erroneously believed that an injunction had previously been entered against him.

[32] *Andrews*, 483 F.3d at 1077.

[33] *Id.* at 1078, n.9.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Enjoin Plaintiff from Filing Future Matters Related to Three Other Lawsuits (Doc. 23) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Amended Motion to Enjoin Plaintiff from Filing Future Matters Related to Three Other Lawsuits (Doc. 25) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS GRANTED** to the extent that Camick is enjoined from filing any additional *pro se* complaints in the District of Kansas against Wattley and/or KaiTraxx with allegations and claims that are the same or similar to his previous three cases, until any proposed additional complaints have been submitted to the Court for review to determine that the claims are not substantially similar to the previous litigation, and filing is thereafter permitted by the Court.

**IT IS DENIED** to the extent that Wattley requests the injunction order to cover any district court in the United States.

The implementation of this Order is stayed for 14 days during which Camick may file objections or oppose this Order.

**IT IS SO ORDERED**.

Dated this 14th day of May, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE